FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 08, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBERT E. DIXON,<br><br>                Plaintiff,<br><br>    v.<br><br>AMANDA COLE, A. HOGAR, C. KAIROS, JOHN NEAU, and SHANE RIRIE,<br><br>                Defendants. | NO: 4:24-CV-5003-TOR<br><br>ORDER OF DISMISSAL |

BEFORE THE COURT is the Order to Show Cause. ECF No. 19. Plaintiff was ordered to show cause on or before August 1, 2024, why this case should not be dismissed for failure to prosecute. *Id*. To date, Plaintiff has not responded to the Order to Show Cause. Earlier, on May 15, 2024, this Court ordered the parties to meet and confer and file a joint status report so the Court could enter a scheduling order. ECF No. 17. Plaintiff did not participate in the creation of a Joint Status Certificate and Discovery Plan. ECF No. 18.

ORDER OF DISMISSAL ~ 1

1    Additionally, the Court warned Plaintiff that "**Failure to respond to this**

2 **Order to Show Cause by Plaintiff will result in dismissal with prejudice.**"

3 ECF No. 19 at 2.  Plaintiff has not responded to the Court's Order to Show Cause

4 in any manner whatsoever.

5    It is well established that district courts have the authority to dismiss for

6 failure to prosecute or to comply with court orders.  *See* Fed. R. Civ. P. 41(b);

7 *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).  In determining whether

8 to dismiss a case for failure to comply with a court order or failure to prosecute, the

9 district court must weigh five factors including: "(1) the public's interest in

10 expeditious resolution of litigation; (2) the court's need to manage its docket; (3)

11 the risk of prejudice to the defendants; (4) the public policy favoring disposition of

12 cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik*,

13 963 F.2d at 1260-61; *see also Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.

14 1986).

15    The Ninth Circuit has held that "[t]he public's interest in expeditious

16 resolution of litigation always favors dismissal." *Yourish v. California Amplifier*,

17 191 F.3d 983, 990 (9th Cir. 1999).  Similarly, "[i]t is incumbent upon us to

18 preserve the district courts' power to manage their dockets without being subject to

19 the endless vexatious noncompliance of litigants …." *Ferdik*, 963 F.2d at 1261.  In

20 the present action, the first two factors weigh in favor of dismissal.  Plaintiff has

ORDER OF DISMISSAL ~ 2

not filed a response to the Court's Order to Show Cause.  This lack of response by

Plaintiff clearly suggests that Plaintiff does not intend to litigate this case

diligently, and ongoing delay would hinder the Court's ability to manage its

docket.

The third factor for the Court to weigh is the risk of prejudice to the

Defendants.  The Court must examine whether Plaintiff's actions impaired the

Defendants' ability to go to trial or threatened to interfere with the rightful decision

of the case.  *Malone v. U.S. Postal Service*, 833 F.2d 128, 131 (9th Cir. 1987).

"Limited delays and the prejudice to a defendant from the pendency of a lawsuit

are realities of the system that have to be accepted, provided the prejudice is not

compounded by 'unreasonable' delays."  *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th

Cir. 1984).  The Court must also weigh whether prejudice is sufficient to support

dismissal with consideration of the strength of Plaintiff's excuse for default.  *See*

*Malone*, 833 F.2d at 131.  In the instant case Plaintiff has offered no excuse for his

default.  Thus, the complete lack of response by Plaintiff is creating an

unreasonable delay.  For these reasons, this factor weighs in favor of dismissal.

The fourth factor for the Court to consider is the public policy favoring

disposition of cases on their merits.  The Ninth Circuit has repeatedly found that

public policy favors disposition of cases on the merits, therefore, this factor weighs

ORDER OF DISMISSAL ~ 3

1  against dismissal.  *See Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002);

2  *Malone*, 833 F.2d at 133 n.2.

3      The fifth factor for the Court to consider is the availability of less drastic

4  alternatives.  *See U.S. v. Nat'l Med. Enter.*, 792 F.2d 906, 913 (9th Cir. 1986)

5  (court must first consider the impact of the sanction and the adequacy of less

6  drastic sanctions).  "[C]ase law suggests that warning a plaintiff that failure to obey

7  a court order will result in dismissal can suffice to meet the "consideration of

8  alternatives" requirement."  *Malone*, 833 F.2d at 132-33.  This factor weighs in

9  favor of dismissal.  Plaintiff was clearly instructed to show cause as to why this

10  case should not be dismissed.  He was given adequate time to respond to the Order

11  to Show Cause and has not responded.  Plaintiffs complete lack of response

12  demonstrates an unwillingness to participate in prosecuting this action.

13      After carefully weighing each of the factors, the Court finds that four out of

14  the five factors weigh in favor of dismissal.  Accordingly, the Court orders

15  dismissal of this case.

16  //

17  //

18  //

19  //

20  //

ORDER OF DISMISSAL ~ 4

1  **ACCORDINGLY, IT IS HEREBY ORDERED**:

2       All claims and causes of action in this matter are **DISMISSED with**

3       **prejudice.**

4       The District Court Executive is directed to enter this Order and Judgment

5  accordingly, furnish copies to the parties, and **CLOSE** the file.

6       **DATED** August 8, 2024.



8                              THOMAS O. RICE
                              United States District Judge

ORDER OF DISMISSAL ~ 5